Victor **LOPEZ–FLORES**, a.k.a. Marco Antonio Olacua–Leon, **Petitioner,**

v.

Alberto R. **GONZALES**, Attorney General, **Respondent.**

No. 04–74509.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Moreno & Associates, Chula Vista, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Laura Ferris, Esq., Michael B. Beckwith, Esq., Office of the U.S. Attorney, Sacramento, CA, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Victor Lopez–Flores, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), we deny the petition for review.

The agency based its adverse credibility determination on significant omissions from Lopez–Flores's asylum application and direct testimony regarding the basis for his claims of persecution and torture in Peru. For example, Lopez–Flores testified at the conclusion of his hearing that he was kidnaped and held by guerrillas for three months, and that he had been pressured to attend several Shining Path meetings, at which he was threatened, but did not mention these incidents in his application or primary testimony. The agency also relied on Lopez–Flores's admission that he told immigration officials that he had no fear of returning to Peru and wished to voluntarily return. The record does not compel the conclusion that Lopez–Flores is credible. *See id.* at 962–63.

Accordingly, Lopez–Flores is not entitled to asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.